# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01-cr-00169-01-SRB |
| ) | |
| DERRICK B. SMITH, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Derrick B. Smith's Motion to Reduce Sentence Under Title 18 U.S.C. Section 3582(C)(1)(A)(i) and the COVID-19 Pandemic. (Doc. #125.) Upon review of the record, Defendant's motion is DENIED.

On June 5, 2001, a federal grand jury returned a two-count indictment that charged Defendant with (1) the distribution of cocaine, which resulted in the death of Elizabeth Callison, and (2) possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On January 8, 2002, a jury found Defendant guilty on both counts of the indictment. On August 23, 2002, Defendant was sentenced to concurrent terms of imprisonment of 340 months on Count One, and 240 months on Count Two, to be followed by a five-year term of supervised release. According to the Government, Defendant's current date of release from incarceration is July 26, 2025. (Doc. #131, p. 2.)

Defendant is currently incarcerated at the United States Prison ("USP") in Marion, Illinois. On May 11, 2020, Defendant made his first request for a compassionate release to the Warden at USP Marion. (Doc. #125, p. 14.) Defendant, through counsel, now moves the Court for a compassionate release because of the COVID-19 pandemic. Defendant states that he is 52

years old and "suffers from a myriad of illnesses . . . including hypertension and a heart murmur and apparently the contraction of COVID-19." (Doc. #125, p. 9.) Defendant further states that his conduct and behavior while incarcerated "has for the most part been exemplary[.]" (Doc. #125, p. 9.) Defendant contends that he has a viable release plan which would be safer than remaining in prison. Defendant's reply brief also emphasizes that he has served over half of his term of imprisonment. The Government argues that the record does not support a compassionate release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify

2

a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at * 1 (E.D. Mo. June 1, 2020) (citation omitted).

Here, and assuming Defendant has exhausted his administrative remedies, the Court finds no extraordinary and compelling reason for a compassionate release. In particular, the Court agrees with the Government that Defendant has failed to show he is unable to provide self-care within the correctional facility or perform daily activities. Further, the Government argues—and Defendant does not dispute—that Defendant has recovered from his COVID-19 diagnosis. Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age (52) and apparent health condition do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction.

Accordingly, it is hereby ORDERED that Defendant's Motion to Reduce Sentence Under Title 18 U.S.C. Section 3582(C)(1)(A)(i) and the COVID-19 Pandemic (Doc. #125) is DENIED.

**IT IS SO ORDERED.**

DATED: September 18, 2020 /s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT